



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Paul T. Holt
County Attorney
Austin, Texas

Dear Sir:

Opinion No. 0-936
Re: Whether buildings used by
Austin School of Business and
Nixon-Clay Commercial College
are exempt from taxation.

On June 5, 1939, you addressed to us a request for an opinion as to whether or not the property owned, used or occupied by the Austin School of Business and the Nixon-Clay Commercial College is tax exempt property. In a communication attached to said request, you advised that it is your understanding that such business schools are operated with "the view to profit". On June 12, 1939, we requested further information from you, and in response to such request, on June 19, 1939, you advised us that the buildings used by such business colleges are not owned by them, and that such buildings are not used exclusively for school purposes.

Article 8, Section 2 of the Constitution of Texas, as adopted in 1928, provides that:

"The Legislature may, by general laws, exempt from taxation . . . . all buildings used exclusively and owned by persons or associations of persons for school purposes, and the necessary furniture of all schools and property used exclusively and reasonable necessary in conducting any association engaged in promoting the religious, education, and physical development of boys, girls, young men, or young women, operating under a State or National organization of like character; also the endowment funds of such institutions of learning and religion not used with a view to profit; . . ."

Article 7150, Revised Civil Statutes, provides that certain property shall be exempt from taxation. In 1931 Section 1 of said Article 7150, so defining exempt property, was amended so that same now reads in part as follows:

"All public buildings, public academies, and all endowment funds of institutions of learning and religion not used with a view to profit, and when the same are invested in bonds or mortgages, and all such buildings used exclusively and owned by persons or associations of persons for school purposes;"

Article 8, Section 1, of the Constitution of Texas, provides that taxation shall be equal and uniform; and, in Article 8, Section 2, of the Constitution it is provided that all laws exempting property from taxation other than the property mentioned in said Article and section shall be null and void.

In your letter of June 19, 1939, you advised that the buildings in question are not owned by the Austin School of Business and the Nixon-Clay Commercial College, nor are such buildings used exclusively for school purposes. Under the plain provisions of Article 8, Section 2, of the Constitution, such buildings are therefore not exempt from taxation, nor would it be within the province of the Legislature to exempt the same.

Furthermore, Article 7150, Revised Civil Statutes, quoted above, does not attempt to extend the exemption to buildings used by such institutions, unless the same are used exclusively and owned by persons or associations of persons for school purposes. Our answer to your questions is in the negative.

Yours very truly

GRL:PBP

APPROVED JUNE 21, 1939
GERALD C. MANN (Signed)
ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion Committee
By  B. Woodall
        Chairman

ATTORNEY GENERAL OF TEXAS

By

Glenn R. Lewis
Assistant